BEFORE THE THIRD DIVISION, AUGUST 6, 1954

No. 58322.—Balfour Guthrie & Co., Ltd. *v.* United States, protest 115212–K (Los Angeles).

EKWALL, Judge: The merchandise involved in this protest consists of brandy imported from Spain and entered for warehouse at Los Angeles on December 17, 1942. The entry was liquidated on February 19, 1943, and reliquidated on October 31, 1944. Timely protest was filed against the reliquidation, claiming that the amount of internal revenue tax assessed was improper in view of certain trade agreements. Thereafter, the protest was amended to include a claim that under paragraph 813 of the Tariff Act of 1930, as amended by the act of June 8, 1948, Public Law 612 (62 Stat. 344), duty should be assessed upon the same quantity as that which was subjected to final assessment of internal revenue tax. It is this claim which is now relied upon by the plaintiff.

Said Public Law 612 amending paragraph 813 provides as follows:

PAR. 813. Notwithstanding any other provision of this Act, the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes.

SEC. 2. This amendment shall be effective as to all such merchandise entered, or withdrawn from warehouse, for consumption on or after the day following the date of the enactment of this Act and shall apply also to any such merchandise entered or withdrawn before that day with respect to which the liquidation of the entry or withdrawal, the exaction, or the decision as to dutiable quantity has not become final by reason of section 514, Tariff Act of 1930.

At the trial, Frank W. Schoeppe, liquidator at the port of Los Angeles, testified that, when the entry was originally liquidated, duty was assessed on 1,167.2 gallons and internal revenue tax at $6 per gallon on 1,124.6 gallons. Because of a change in law and the adoption of a trade agreement, the entry was subsequently reliquidated as follows: Internal revenue tax was assessed at $9 per gallon on 1,100.23 gallons, allowance being made for breakage or shortage discovered after the original liquidation; the rate of duty on the bottles was changed from one-third of 1 cent a pound to one-sixth of 1 cent a pound; and duty on the brandy was again assessed on 1,167.6 gallons.

On the above facts and in view of the provisions of Public Law 612, *supra,* we hold that duty on the instant merchandise is assessable only upon the quantity subject to internal revenue tax. *Austin, Nichols & Co., Inc.* v. *United States,* 22 Cust. Ct. 33, C. D. 1155; *United States* v. *The Josebra Company,* 41 C. C. P. A. (Customs) 206, C. A. D. 552. The protest is sustained, and judgment will be rendered for the plaintiff.